IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAHMOOD I. ALYSHAH,

   Plaintiff,

    v.

THE STATE OF GEORGIA,

   Defendant.

CIVIL ACTION FILE
NO. 1:06-CV-0928-TWT

OPINION AND ORDER

This is a *pro se* civil rights action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 3] and the Plaintiff's Motion to Strike [Doc. 5]. For the reasons set forth below, the Defendant's motion is GRANTED and the Plaintiff's motion is DENIED.

I. BACKGROUND

On April 18, 2006, the Plaintiff, Mahmood Alyshah, filed this lawsuit against the State of Georgia. This is one of many lawsuits filed by the Plaintiff arising out of the State Bar of Georgia's efforts to prevent him from engaging in the unauthorized practice of law. The Plaintiff is the president of Alyshah Immigration Agency, Inc. ("Alyshah Immigration"), a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration to and employment within the United States.

The Plaintiff is not a member of the State Bar, and he is neither licensed nor qualified to practice law in the State of Georgia. On July 17, 2002, the State Bar filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County. State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002). The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law. It also alleged that Mahmood Alyshah misled an INS officer into thinking that Alyshah was a lawyer. The State Bar sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia. The case was resolved with a consent order. The consent order, signed by each party's counsel and by Judge Linda Warren Hunter, stated: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia." (Consent Order of October 30, 2002, State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)).

On April 14, 2004, Alyshah and his agency filed a complaint in this Court challenging the constitutionality of the Consent Order and seeking damages resulting

from that action.  Alyshah Immigration Agency, Inc. v. State Bar of Georgia, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) ("Alyshah Immigration I").  The Court granted the State Bar's Motion to Dismiss on the grounds that these constitutional claims were barred by the Rooker-Feldman doctrine and *res judicata*.  The Court also dismissed the state law claims as inapplicable or barred by the statute of limitations.  The court further determined that Alyshah's purported representation of Alyshah Immigration was a violation of Georgia law and of the Consent Order.

Thereafter, on January 19, 2005, the State Bar filed a Motion for Contempt of Court against Alyshah Immigration in the DeKalb Superior Court, alleging that Alyshah, as the president of Alyshah Immigration, had engaged in the unauthorized practice of law in violation of the Consent Order.[1]  On April 21, 2005, after establishing that Alyshah had willfully violated the Consent Order, DeKalb County Superior Court Judge Hunter issued a contempt order instructing the DeKalb County Sheriff to incarcerate Alyshah for 20 days.

---

[1] Alyshah and Alyshah Immigration then filed another lawsuit in this Court, Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT (N.D. Ga. 2005) (Alyshah Immigration II) alleging essentially the same claims as those asserted against the State Bar in Alyshah Immigration I, except that they now claimed that the State Bar was an arm of the Supreme Court of Georgia and, therefore, also asserted their constitutional and state law claims against the Supreme Court and its Justices.  The plaintiffs also named Cliff Brashier as a defendant, presumably only in his role as the executive director of the State Bar of Georgia.  This Court dismissed all claims on October 12, 2005.

This latest series of lawsuits arises out of the Plaintiff's subsequent incarceration.[2]  In his complaint, the Plaintiff alleges that "this is the Civil Rights Action challenging the constitutionality of the false imprisonment, false arrest and home invasion due to unconstitutional court order against the Plaintiff without any summons and charges against the Plaintiff and without any judicial court trial against the Plaintiff." (Compl., p. 1) Alyhsah asserts fourteen separate state and federal causes of action ranging from conspiracy to negligent infliction of emotional distress.  On May 22, 2006, Defendant State of Georgia moved to dismiss all claims.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

The Plaintiff has filed a Motion to Strike the Defendant's Motion to Dismiss. Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any

---

[2]The Plaintiff has filed five other lawsuits in addition to this one: Alyshah v. The United States of America et al., No. 1:06-CV-915-TWT (N.D. Ga. 2006); Alyshah v. The Supreme Court of Georgia et al., No. 1:06-CV-929-TWT (N.D. Ga. 2006); Alyshah v. State of Georgia et al., No. 1:06-CV-930-TWT (N.D. Ga. 2006); Alyshah v. Hunter et al., No. 1:06-CV-931-TWT (N.D. Ga. 2006); and Alyshah v. State Bar of Georgia Foundation, Inc. Doing Business as State Bar of Georgia, A Private Organization., No. 1:06-CV-946-TWT (N.D. Ga. 2006).  All six cases arise out of the same set of facts.

redundant, immaterial, impertinent, or scandalous matter." As explained in Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999):

> The terms of [Rule 12(f)] make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37 [2] (3d ed.1999). Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings....

See also Knight v. U.S., 845 F. Supp. 1372, 1374 (D. Ariz. 1993), aff'd, 77 F.3d 489 (9th Cir. 1996) (holding that a plaintiff's motion to strike the defendant's motion for summary judgment was improper). Thus, because the Defendant's Pre-Answer Motion to Dismiss is not a "pleading" within the meaning of Rule 12(f), the Plaintiff's Motion to Strike must be denied. The Court will, however, consider it as a response to the Motion to Dismiss.

### B. Defendant's Motion to Dismiss

#### 1. Standard of Review

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v.

Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

    2. Federal Claims

The Plaintiff first asserts claims against the State of Georgia for several alleged civil rights violations under 42 U.S.C. §§ 1981, 1983, 1986, and 1988.  All of these claims are barred by Eleventh Amendment immunity.  The Eleventh Amendment protects a state from being sued in federal court without the state's consent, including suits against the state by its own citizens.  Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005); Manders v. Lee, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc).  In order for a state to waive its immunity, it must do so expressly.  Edelman v. Jordan, 415 U.S. 651, 673 (1974); Gamble v. Florida Dep't of Health and Rehab. Serv., 779 F.2d 1509, 1512 (11th Cir. 1986).  Waiver is shown only by an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 at n.1 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  The State of Georgia has not

waived its Eleventh Amendment immunity to a suit such as this one. In fact, it has done exactly the opposite. See O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."). These claims must thus be dismissed.

The Plaintiff also challenges the constitutionality of several Georgia statutes. First, he claims that O.C.G.A. § 15-19-57 authorizes the illegal search and seizure by private organizations in violation of the Fourth Amendment. The statute, however, simply provides the State Bar of Georgia, the Judicial Council of the State of Georgia, and all organized bar associations in the state with the authority "to inquire into and investigate (1) Any charges or complaints of unauthorized or unlawful practice of law." O.C.G.A. § 15-19-57. It was the DeKalb County Superior Court, and not this statute, that authorized the Plaintiff's incarceration. O.C.G.A. § 15-19-57 thus fails to provide the Plaintiff with any grounds for relief.

He also challenges O.C.G.A. §§ 15-1-8, 15-6-4, and 15-19-58, claiming that these statutes are in conflict with one another. His argument appears to be that under O.C.G.A. § 15-1-8, "a _Superior Court Judge is not permitted to preside_ over a proceeding filed by the State Bar of Georgia _being a member of the State Bar of Georgia_." (Compl., ¶ 41.) The Plaintiff's interpretation of the statute is puzzling, given that it actually states: "No judge...shall be disqualified from sitting in any case

or proceeding because of the fact that he is a policyholder or is related to a policyholder of any mutual insurance company which has no capital stock." O.C.G.A. § 15-1-8(b). The other two laws cited by the Plaintiff, O.C.G.A. §§ 15-6-4 and 15-19-58, respectively provide the qualifications for State superior court judges and allow the State Bar to seek injunctive relief against any party engaged in the unauthorized practice of law. There is no conflict between these three statutes, and the Plaintiff's claim is without merit.

### 3. State Law Claims

The Plaintiff also alleges several state law claims against the State of Georgia. Specifically, he contends that by arresting and incarcerating him, the Defendant violated O.C.G.A. §§ 9-4-7 and 15-1-8. (Compl., ¶¶ 34-37.) He also claims Negligent Infliction of Emotion Distress and Intentional Infliction of Emotional Distress. (Compl., ¶¶ 44-57.) These claims cannot survive unless the State has waived sovereign immunity and Eleventh Amendment immunity. In November 1990, the voters of the State of Georgia approved an amendment to Article I, Section II, Paragraph IX of the Georgia Constitution enabling the General Assembly to waive the State's sovereign immunity by enacting a Tort Claims Act, which the General Assembly then passed in 1992. See Datz v. Brinson, 208 Ga. App. 455, 455-56 (1993). However, in passing the Georgia Tort Claims Act ("GTCA"), the General

Assembly declared as a matter of public policy "that the state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this article." O.C.G.A. § 50-21-21(a). The GTCA specifically preserves the State's sovereign immunity from suit for tort claims filed in the federal courts. O.C.G.A. § 50-21-23(b). The State has similarly preserved its Eleventh Amendment immunity. See Robinson v. Georgia Department of Transportation, 966 F.2d 637, 640 (11th Cir. 1992) (holding that Georgia's waiver of sovereign immunity in state courts does not waive its Eleventh Amendment immunity). Because the State of Georgia has not waived sovereign immunity or Eleventh Amendment immunity, this Court lacks jurisdiction to entertain the Plaintiff's state law claims.

## III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED and the Plaintiff's Motion to Strike [Doc. 5] is DENIED.

SO ORDERED, this 1 day of September, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge